

FILED

AUG 27 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ANGELINA C. CHAVEZ,<br><br>              Debtor.<br><br>ANGELINA C. CHAVEZ,<br><br>              Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, et al.,<br><br>              Defendants. | Case No. 09-26400-D-13L<br><br><br><br><br><br>Adv. Pro. No. 09-2283-D<br><br>Docket Control No. PD-2<br><br><br><br><br><br>Date: August 18, 2009<br>Time: 1:00 p.m.<br>Dept: D |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

<u>**MEMORANDUM DECISION**</u>

On July 13, 2009, the defendant herein, Bank of America, N.A. (who will be referred to as "the bank"), filed a motion to dismiss the complaint for lack of standing and for failure to state a claim upon which relief can be granted, bearing Docket Control No. PD-2 (the "Motion"). For the reasons set forth below, the court will grant the Motion in part.

/ / /

/ / /

## I. INTRODUCTION

In this adversary proceeding, the plaintiff, Angelina C. Chavez (who will be referred to as "the debtor"), seeks a determination that her obligation to the bank, secured by a deed of trust against her residence, has been lawfully rescinded pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA"), a determination that the lien of the bank's deed of trust is void, pursuant to TILA and 11 U.S.C. § 506(d), actual damages, statutory damages, and attorney's fees.[1] The crux of the debtor's complaint is that at the time the bank made the loan secured by the deed of trust, it provided the debtor with a Notice of Right to Cancel ("the Notice") with the date of the transaction and the date of expiration of the debtor's right to cancel left blank. The debtor cites 15 U.S.C. § 1635(a) and the regulations implementing TILA, found in Regulation Z, 12 C.F.R. §§ 226.1, et seq.

## II. ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(K). The Motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

A. Standards for Dismissal under Rule 12(b)(6)

The United States Supreme Court has recently adopted a "plausibility" standard for assessing Rule 12(b)(6) motions,

---

1. The debtor also seeks relief against the Golden 1 Credit Union, in causes of action not relevant to this decision.

analyzing the complaint before it in terms of whether it contained enough factual allegations, taken as true, to plausibly suggest that the plaintiff was entitled to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929, 945 (2007). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The Court did not disturb its earlier pronouncement in Scheuer v. Rhodes, 416 U.S. 232, 94 S. Ct. 1683 (1974), that on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." 416 U.S. at 236. Thus, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'" Bell Atl. Corp., 127 S. Ct. at 1965, quoting and characterizing Scheuer v. Rhodes, 416 U.S. at 236.

B. The Debtor's Standing

The bank's first argument is that the debtor does not have standing to pursue her claims against the bank because those claims are property of the bankruptcy estate which the debtor may not prosecute unless they are abandoned by the chapter 13 trustee. The bank relies on Bostonian v. Liberty Savings Bank, 52 Cal.App.4th 1075 (1997).

Bostonian involved a chapter 7 case and a chapter 7 trustee. In contrast to chapter 7, a chapter 13 debtor retains possession of property of the estate. 11 U.S.C. § 1306(b). Further, chapter 13 trustees, unlike chapter 7 trustees, do not have the duty to "collect and reduce to money the property of the estate."

1 §§ 1302(b)(1), 704(a)(1). For these and the other reasons set
2 forth in <u>Houston v. Eiler (In re Cohen)</u>, 305 B.R. 886, 891-900
3 (9th Cir. BAP 2004), and based on the extensive analysis set
4 forth in that case, the court concludes that the debtor in the
5 present case has standing to pursue her causes of action against
6 the bank.

7 <u>C. Claim for Rescission</u>

8 Next, the bank contends that the complaint fails to state a
9 claim for rescission of the loan transaction and cancellation of
10 the bank's lien, because the debtor is unable to repay the loan
11 proceeds.

12 The various steps involved in the rescission process are set
13 forth in 15 U.S.C. § 1635(b). In general terms, the borrower
14 gives notice of rescission; within 20 days thereafter, the
15 creditor must terminate its security interest, and thereafter,
16 the borrower must tender to the creditor the property he received
17 in the loan transaction, less finance or other charges.

18 Despite this stated sequence of events, it is clear in this
19 circuit that the court has discretion to condition a borrower's
20 right to rescission on his or her tender of the loan proceeds,
21 less finance charges and other charges. See <u>Yamamoto v. Bank of
22 New York</u>, 329 F.3d 1167, 1173 (9th Cir. 2003) ["a court may
23 impose conditions on rescission that assure that the borrower
24 meets her obligations once the creditor has performed its
25 obligations."]; <u>La Grone v. Johnson</u>, 534 F.2d 1360, 1362 (9th
26 Cir. 1976); <u>Palmer v. Wilson</u>, 502 F.2d 860 (9th Cir. 1974).

27 The bank's argument in support of dismissal would, in
28 essence, require that a court always condition rescission on the

borrower's prior tender of the loan proceeds. As set forth above, the sequence of the rescission procedures is a matter of the court's discretion. For this reason, as to the debtor's claim for rescission, the Motion will be denied.

Further, the bank's argument on this point focuses on alleged facts beyond the face of the debtor's complaint, and thus, is not a ground for dismissal under Rule 12(b)(6). Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court notes that in Yamamoto, the borrower's inability to tender repayment was held to provide sufficient grounds for summary judgment.[2]

D. Claim for Damages

In addition to the remedy of rescission, TILA provides for damages, which the debtor in this case also seeks:

> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

15 U.S.C. § 1635(g).

The bank contends that the debtor's claims for damages for violation of TILA are barred by the one-year statute of limitations of 15 U.S.C. § 1640(e).[3] The court agrees. Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996); Brewer v. Indymac Bank, 609 F.Supp.2d 1104 *15-16 (E.D. Cal. 2009);

---

2. "[I]n the circumstances of this case, the court did not lack discretion to modify the sequence of rescission events to assure that [the borrower] could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits." Yamamoto at 1173.

3. "Any action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

- 5 -

Garza v. American Home Mortgage, 2009 U.S. Dist. LEXIS 7448 *15-16 (E.D. Cal. 2009).

The one year runs from the date of consummation of the transaction, subject to considerations of equitable tolling. King v. California, 784 F.2d 910, 915 (9th Cir. 1986). In the present case, it appears undisputed that the loan transaction was consummated on September 22, 2005. The debtor did not file her complaint until May 13, 2009, over three years later; thus, her claims for damages are barred.

The debtor has explicitly chosen not to assert equitable tolling,[4] contending instead that the one-year period runs from the date of her notice of rescission, September 22, 2008. Because the complaint was filed within one year from that date, she argues, it is timely.

The debtor is not correct. The giving of a notice of rescission within the three-year period of § 1635(f) provides the borrower an additional one year from the creditor's refusal to rescind in which to file suit for rescission (Miguel v. Country Funding Corp., 309 F.3d 1161, 1165 (9th Cir. 2002); Brewer, 609 F.Supp.2d at 1155); it does not commence a new one-year period for seeking damages. Brewer, 609 F.Supp.2d at 1155 [expressly rejecting the contention that the creditor's failure to cancel the loan extends the statute of limitations for all TILA violations]; see also Garza, at *15-16 [dismissing cause of action for damages under one-year statute of limitations, even

/ / /

---

4.  Debtor's response to the Motion, filed July 30, 2009, 8:11-12.

- 6 -

though borrower had given notice of rescission within the three-year period].

Because the debtor's complaint in this case was filed after the expiration of the one-year statute of limitations, her claims for damages, whether denominated actual damages, compensatory damages, or statutory damages, will be dismissed.[5]

E. Claim for Declaratory Relief

Next, the debtor seeks a declaration the bank has violated 15 U.S.C. § 1641(f)(2) by failing to respond to the debtor's request for the name, address, and telephone number of the owner or master servicer of the obligation secured by the deed of trust. The bank moves to dismiss this cause of action on the ground that the letter attached to the complaint, by which the debtor purportedly made the request, does not in fact request the information.

It is clear from the debtor's response that she inadvertently failed to attach the referenced letter as an exhibit. The court will permit the debtor to amend her complaint to attach a copy of the relevant letter.

F. Claim for RESPA Damages

Finally, the bank challenges the debtor's claim for damages under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, et seq. ("RESPA"), on the ground that the letter attached to the debtor's complaint does not constitute a qualified written

/ / /

---

5. The debtor's ability to claim a credit for finance and other charges remains a part of her rescission cause of action, under 15 U.S.C. § 1635(b).

request for information, as that term is defined in 12 U.S.C. § 2605(e)(1)(B).

The debtor's response is, as above, that she failed to attach the relevant letter to her complaint. The court will permit the debtor to amend her complaint to attach a copy of the letter.

The court agrees with the bank that the debtor has failed to allege facts supporting her claim for actual damages for the alleged RESPA violation, but will grant the debtor leave to amend. As to statutory damages under RESPA, the debtor alleges only a failure to respond to a single qualified written request. This allegation, even if true, would not constitute a "pattern or practice of noncompliance" sufficient to justify an award of statutory damages under 12 U.S.C. § 2605(f)(1)(B). In re Tomasevic, 273 B.R. 682, 686-87 (Bankr. M.D. Fla. 2002). Thus, the bank's motion to dismiss the claim for statutory damages for violation of RESPA will be granted.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the debtor's claims for damages are barred by the one-year statute of limitations of 15 U.S.C. § 1640(e), and as to those claims, the court will grant the bank's Motion. As to the debtor's claim for a declaration the bank has violated 15 U.S.C. § 1641(f)(2) (request for contact information for owner or master servicer) and her claim for actual damages under RESPA, the Motion will be granted, but the debtor will be granted leave to amend her complaint. As to the debtor's claim for statutory damages for
/ / /

violation of RESPA, the Motion will be granted. Except as set forth above, the Motion will be denied.

The court will issue an appropriate order.

Dated: August 27, 2009

*Robert Bardwil*
ROBERT S. BARDWIL
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as assistant to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Attorney for Plaintiff

Kimberlee Rode
9284 Jackson Rd.
Sacramento, CA 95826

Attorney for Defendant

Melodie Whitson
4375 Jutland Dr., #200
P.O. Box 17933
San Diego, CA 92177-0933

DATE: AUG 27 2009

_____
Andrea Lovgren